FREEHILL HOGAN & MAHAR LLP
*Attorneys for the Plaintiffs*
80 Pine Street, 25th Floor
New York, New York 10005-1759
(T): 212.425.1900 | (F): 212.425.1901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLETRAGER SEEREEDEREI INC. OF LIBERIA, | 18-cv- |
| Plaintiff, | |
| -against- | **VERIFIED COMPLAINT** |
| BLUE OCEAN SHIPPING LLC OF DUBAI, | |
| Defendant. | |

Plaintiff, Welletrager Seereederei Inc. of Liberia ("WS" or "Plaintiff") as and for their

Verified Complaint against Defendant, Blue Ocean Shipping LLC of Dubai ("Blue Ocean" or

"Defendant"), alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.       This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333

and is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure.

2.       Defendant cannot be found within this District within the meaning of

Supplemental Admiralty Rule B.

3.       Venue is properly situated in this District because Defendant's property is, or

soon will be, in the possession, custody, and control of Garnishee Bank of America ("BOA")

within this District.

494197.1

## THE PARTIES

4.       WS was and is a foreign business entity duly organized and existing under the laws of Liberia with an address and principal place of business in Greece.

5.       At all times relevant to this action, WS was the registered owner of the M/V *Gant Grace* (the "Vessel").

6.       Blue Ocean was and is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Office 203, Al Shaali Marine Building, Hor Al Anz, United Arab Emirates.

7.       At all times relevant to this action, Blue Ocean was the voyage charterer of the Vessel.

## THE M/V *GANT GRACE* CHARTER PARTY

8.       On May 5, 2017, WS, as owners, and Blue Ocean, as charterers, entered into a charter party for the Vessel (the "Charter Party").

9.       Blue Ocean has failed to pay freight and demurrage in the total amount of $281,639.51, all of which is due and owing to WS under the terms of the Charter Party.

## LONDON ARBITRATION

10.       The Charter Party provides for the application of English law and disputes between the parties to be resolved by arbitration in London.

11.       Accordingly, WS commenced arbitration against Blue Ocean in London on August 1, 2017, to recover the full amounts due and owing to WS under the Charter Party.

494197.1

12.     On December 22, 2017, WS submitted its claim submissions in the London Arbitration, in which WS claimed damages in the total amount of $281,639.51 plus interest and costs.

13.     Also on December 22, 2017, the sole arbitrator presiding over the London Arbitration ordered Blue Ocean to submit its defense submissions by January 30, 2018. However, Blue Ocean failed to make any submissions or communicate with the sole arbitrator by that date.

14.     The sole arbitrator therefore made a final and peremptory order requiring Blue Ocean to file its defense submissions by February 2, 2018. Once again, Blue Ocean failed to make any submission by the required deadline.

15.     Accordingly, the sole arbitrator declared the record closed and proceeded to review the materials submitted in order to render a determination.

16.     On February 7, 2018, the arbitrator issued his award (the "English Award"), a copy of which is attached as **Exhibit 1**, in which he ordered Blue Ocean to pay WS the following amounts:

a.   $281,639.51 for all amounts due and owing under the Charter Party;

b.   WS' costs incurred in obtaining the English Award, which are estimated to be $25,000.00;

c.   The costs of the English Award of $4,726.02 (£3,700.00); and

d.   Interest at the rate of 5% per annum and pro-rata, compounded at three-monthly rests from the date of the English Award.

17.     This action is brought, *inter alia*, pursuant to 9 U.S.C. § 8 in order to obtain security for Plaintiff's claims which have been made in the London arbitration under English law as agreed by the parties.

## REQUEST FOR MARITIME
## ATTACHMENT AND GARNISHMENT UNDER RULE B

18.     Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment so that it may obtain security for its claims against Defendant, which has not paid or provided security in response to Plaintiff's demands.

19.     Defendant cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of debts, cash, funds, freight, hire, demurrage and/or credits in the hands of Garnishee BOA in this District.

20.     More specifically, Plaintiff understands that a payment remitted to or from Blue Ocean is currently being restrained at BOA pursuant to an order issued by the U.S. Office of Foreign Asset Control ("OFAC").

21.     Plaintiffs' principal claims currently total $311,365.53.

22.     In addition, interest awarded is estimated to be $37,533.37. This amount is calculated at the rate of 5% per annum (the rate awarded in the English Award) for a period of 2 years compounded at quarterly rests, the estimated time to enforce the English Award against any property garnished in the instant action.

23.     In addition to interest, the English Award also provides that WS is entitled to recover the costs it incurred in obtaining the Award. Plaintiff anticipates these costs, which are

494197.1

inclusive of attorneys' fees under the English system, once confirmed and awarded by the arbitrator will total $25,000.

24.     In addition to costs incurred in obtaining the Award, Plaintiff seeks security for the costs, inclusive of attorneys' fees expected to be incurred in enforcing the English Award which are presently estimated in the sum of $25,000.

25.     Accordingly, Plaintiff seeks to recover the sum of **$398,898.90**, no part of which has been paid by Defendant, despite due demand.

WHEREFORE, Plaintiff prays:

a.     That process in due form of law according to the practice of this Court may issue against Defendant, citing it to appear and answer the foregoing, failing which a default may be taken;

b.     That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$398,898.90** be restrained and attached, including, but not limited to any cargo, cash, funds, escrow funds, credits, debts, transfers, accounts, demurrage and/or letters of credit, of, belonging to, due or for the benefit of Defendant in the hands of certain garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.     That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to FED. R. CIV. P. 4(c) to serve Process of Maritime Attachment and Garnishment in this action;

d.     That upon attachment of the amount demanded, this Court retain jurisdiction over the matter through the entry of judgment of the pending claims including any appeals thereof, and for any further or supplemental proceedings as may be necessary; and

494197.1

e.     For such other, further and different relief as this Court may deem just and proper, including but not limited to a default with respect to any property seized in the event a timely response is not filed.

Dated:  New York, New York
        November 5, 2018

                              Respectfully submitted,
                              FREEHILL HOGAN & MAHAR LLP

                              /s/ Michael E. Unger
                              _____
                              Michael E. Unger
                              Michael J. Dehart
                              80 Pine Street, 25th Floor
                              New York, New York 10005-1759
                              (T): 212.425.1900  |  (F): 212.425.1901
                              unger@freehill.com
                              dehart@freehill.com

                              *Attorneys for Plaintiff*

6

494197.1

## <u>VERIFICATION</u>

I am a Partner with the law firm Freehill Hogan & Mahar LLP, counsel to Plaintiff.

The facts alleged in the foregoing amended complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the Southern District of New York.  There is no record of any general or resident agent authorized to accept service of process for Blue Ocean Shipping LLC Dubai in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2018

/s/ Michael E. Unger
Michael E. Unger

494197.1